THOMAS R. BURKE (State Bar No. 141930)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
Email: thomasburke@dwt.com

Attorneys for Plaintiffs
NATIONAL PUBLIC RADIO, INC. and ERIC WESTERVELT

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| NATIONAL PUBLIC RADIO, INC. and ERIC WESTERVELT, <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION; U.S. DEPT. OF JUSTICE; NATIONAL ARCHIVES & RECORDS ADMINISTRATION, <br><br> Defendants. | Case No. 3:19-cv-4126 <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR VIOLATION OF THE FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552 et seq.** |
|---|---|

Plaintiffs National Public Radio, Inc. and Eric Westervelt (collectively, "NPR"), by their undersigned attorneys, allege as follows:

## INTRODUCTION

1. On March 7 1962, James Reeb, a 38-year-old Unitarian Universalist minister from Boston, was murdered in Selma, Alabama. Rev. Reeb was in Selma after responding to an appeal from Rev. Dr. Martin Luther King, Jr., for ministers to join the Selma to Montgomery March. After finishing dinner at Walker's Café, a historically black restaurant, Rev. Reeb and two other Unitarian ministers, Rev. Clark Olsen (then a minister in Berkeley, California) and Rev. Orloff Miller, were beaten with a club by white men for their support of African-American rights. Rev. Reeb died two days later in Birmingham, Alabama. Although Rev. Reeb's murder was not the first death of a civil rights activist during that time, the murder of a white minister received national news coverage for several days. Across the country, vigils were held in Rev. Reeb's honor. Days later, President Lyndon B. Johnson referred to Rev. Reeb when he introduced the Voting Rights Act to Congress. In 1965, three men – Elmer Cook, William Stanley Hoggle, and Namon O'Neal Hoggle were tried for Reeb's murder, but an all-white jury acquitted them. In July of 2007, the FBI's Cold Case Initiative reopened its investigation into the case; however, in 2011, the case was closed again and no further charges were pursued. No one was ever held to account for the murder. NPR's *White Lies* podcast, which debuted on May 14, 2019, explores this important moment in the nation's history to expose the truth of what happened and who was responsible for the murder.

2. NPR brings this action under the Freedom of Information Act, 5 U.S.C. § 552 *et seq.*, as amended ("FOIA"), to enjoin the United States Federal Bureau of Investigation ("FBI"), a component of the United States Department of Justice, and the National Archives and Records Administration ("NARA") from continuing to improperly withhold agency records that are responsive to a FOIA request sent by NPR on January 29, 2018, seeking documents about the FBI's investigation into the March 9, 1965 attack on Rev. Reeb, Rev. Miller and Rev. Olson ("Request"), and to promptly disclose the records sought by NPR's Request. This FOIA action is necessary because the FBI continues to withhold responsive records since NPR's request was

made nearly a year and a half ago. The constructive denial of NPR's FOIA Request for records that are over a half-century old is improper.

3. The Freedom of Information Act "focuses on the citizens' right to be informed about 'what their government is up to,'" by requiring the release of "[o]fficial information that sheds light on an agency's performance of its statutory duties." *DOJ v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 750, 773 (1989) (citation omitted). "[D]isclosure, not secrecy, is the dominant objective" of FOIA. *Dept't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8, (2001) (internal quotation marks and citations omitted). NPR plays a critical role in providing information to citizens about "what their government is up to." Indeed, the First Amendment's guarantee of freedom of the press is meant to enable journalists to play an "essential role in our democracy," to "bare the secrets of government and inform the people." *New York Times. Co. v. United States*, 403 U.S. 713, 717 (1971) (Black, J. concurring).

4. Through its FOIA Request, NPR seeks to fulfill its journalistic function and to shine a public light on this historic event in the nation's civil rights movement.

**PARTIES**

5. Plaintiff National Public Radio, Inc. is a non-profit multimedia organization and the leading provider of non-commercial news, information, and entertainment programming to the American public. NPR's fact-based, independent journalism helps the public stay on top of breaking news, follow the most critical stories of the day, and track complex issues over the long term. NPR reaches approximately 105 million people on broadcast radio, podcasts, and NPR.org per month. NPR distributes its radio broadcasts through more than 1,000 non-commercial, independently operated radio stations, licensed to more than 260 NPR members and numerous other NPR-affiliated entities.

6. Plaintiff Eric Westervelt is a resident and citizen of the state of California and a journalist who works as a Correspondent on NPR's National Desk from an office in Berkeley, California.

7. Defendant FBI is a component of Defendant United States Department of Justice, itself a component of the Executive Branch of the United States Government. Defendants are each

1 an "agency" within the meaning of 5 U.S.C. § 552(f). Plaintiffs are informed and believe that the
2 FBI has possession and control of the records sought by the Request.

3     8. Defendant NARA is a federal agency within the meaning of 5 U.S.C. § 552(f).
4 Plaintiffs are informed and believe that, due to the age of the records, NARA has possession of the
5 records sought by the Request.

## JURISDICTION

7     9. This Court has subject-matter jurisdiction over this action and personal jurisdiction
8 over the parties under 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 701-706, and 28 U.S.C. § 1331.

## VENUE

10     10. Venue in the Northern District of California is proper under 5 U.S.C.
11 § 552(a)(4)(B) as Mr. Westervelt's work for NPR and his Request to the FBI occurred in Alameda
12 County. For the same reason, venue also is proper under 28 U.S.C. § 1391(e).

13     11. Assignment to the San Francisco Division is proper under Civil Local Rule 3-2(c)
14 and (d) because Mr. Westervelt's work for NPR and his Request to the FBI occurred in Alameda
15 County, within this District.

## FACTS

17     12. Through a FOIA request to the FBI on or about January 29, 2018, Mr. Westervelt,
18 while employed for NPR, requested access to and copies of "all FBI and related records, whether
19 in paper or electronic form or format, relating to the March 9, 1965 attack on Rev. James Joseph
20 Reeb and Orloff Miller of Boston, Massachusetts, and Clark Olsen of Berkeley, California that
21 resulted in the death of Rev. Reeb in Selma, Alabama, to include but not limited to":

22     a. The complete FBI file under file number 44-1233 or MO 44-1233 – also related
23        files under BS 44-432, BH 44-1232, SF 44-600, SL 44-584, etc.;

24     b. Any communications, orders, or directives from FBI headquarters to special agents
25        or other FBI personnel about how to investigate the attack on James Reeb, or
26        surveillance of activists around that time;

27     c. Any 302 reports and all raw notes from which the 302 reports were derived, telex
28        messages, or other memos to or from Special Agents or other FBI personnel about

3

DAVIS WRIGHT TREMAINE LLP

suspects in the investigation into the James Reeb attack or later court case, to the extent not included in the FBI files mentioned above;

d. Internal correspondence among Special Agents and others involved in investigating the attack on James Reeb, including matters about the attack, the investigation at local, state, and federal levels, the trial, and any subsequent or contemporaneous matters regarding federal charges under civil rights and other statutes against any of those alleged to have been involved in the attack on James Reeb;

e. Reports, memos, or files about Elmer L Cook, William Stanley Hoggle, Namon O'Neal Hoggle, R.B. Kelley, William Frederick Portwood (all deceased) in relation to the James Reeb attack and any other matters of interest to the FBI;

f. Any notes or observations about the attack, the investigation, and the state trial, or the possibility of federal civil rights violation investigation or charges;

g. Any records of any telex messages or phone calls about the investigation or the case concerning the attack on James Reeb and the contents of those calls, including calls to field offices, congressional contacts, the White House, or others;

h. Any heretofore unreleased documents or redacted information about the case concerning the attack on James Reeb that may have been withheld under an exemption to the Freedom of Information Act while the defendants and those charged were still alive (all are now deceased);

i. Any documents relating to the re-opening and/or closing of the investigation 2008-2011 including those attached to FBI 44A-MO-45942 and all communications, requests from FBI HQ Civil Rights Unit and DOJ Civil Rights Division regarding captioned case, FBI Mobile and Selma RA, and File No. 144-3-1429;

j. Any records generated by or about FBI informer Gary Thomas Rowe (deceased) relating to the James Reeb attack, or any of the men charged in his murder (Elmer L. Cook, William Stanley Hoggle, Namon O'Neal Hoggle, R.B. Kelley);

k. Any general agency reports, memos, or files about civil rights or the Ku Klux Klan in Selma, Alabama during the years 1960-1966; and

4

COMPLAINT FOR DECLARATORY RELIEF FOR VIOLATING FOIA
Case No. 3:19-cv-4126

DAVIS WRIGHT TREMAINE LLP

l. Any records of any FBI investigations relating to William Portwood of Selma, Alabama.

13. Mr. Westervelt also asked the FBI to "waive any applicable fees. Release of the information is in the public interest because it will contribute to public understanding of government operations and activities." Attached as Exhibit A is a true and correct copy of the Request.

14. In a letter dated February 9, 2018, sent by David M. Hardy, Section Chief, Record/Information Dissemination Section of the Records Management Division of the FBI, Mr. Hardy acknowledged receipt of the FOIA Request (the "Acknowledgement Letter"). The Acknowledgement letter stated "[r]ecords responsive to your request were previously processed under the provisions of the Freedom of Information Act" and that "145 pages of previously processed documents" were being produced. The Acknowledgement Letter also stated that "additional records potentially responsive to your subject may exist." Attached as Exhibit B is a copy of the Acknowledgement Letter

15. On February 26, 2018, Mr. Westervelt appealed the FBI's response to the FOIA request. Mr. Westervelt noted in part: "We know from the elements we have seen from a 1965 FBI case out of the Mobile office numbered 44-1233 that there was an extensive investigation into the death of Rev. James Reeb. Reeb, who was assaulted in Selma 9 March, 1965, died in Birmingham 11 March, 1965. The documents produced so far by our initial FOIA request do not satisfy our information needs, and we request all files, notes, photos, recordings, etc. connected with the original and subsequent investigations, including those that may have been done for the Justice Department's Civil Rights division. We would request that you pull and forward any related files, notes, etc., whether in the Central Records System, at the National Archives, or elsewhere, in response to this and our original FOIA request." Attached as Exhibit C is a copy of the appeal.

16. On or about August 29, 2018, NPR journalist Graham Smith, a producer for NPR's *White Lies* podcast, made a FOIA request to NARA seeking "access to and copies of records relating to [the] civil rights movement and cases related to race relations in the Selma area in

several boxes marked 'Selma' at the National Archives – to include any photographs, records, items relating to the cases of James Reeb (including 44A-MO-45942) . . . believed to be in boxes marked 'Selma' at the national archives" that "contain excerpts from the FBI case files" (the "NARA Request").  The NARA Request further states that "[t]he 'Selma' boxes are referred to as having existed in an FBI Report 'Civil Rights Era Cold Cases Investigative Process and Results' dated July 16, 2009" (the "FBI Report").  The FBI produced the FBI Report as part of the 145 pages of previously processed documents it provided to NPR.  The NARA Request attached the relevant pages of the FBI Report.  Attached as Exhibit D is a copy of the NARA Request, including the FBI Report.

17. In an email to Mr. Smith dated September 12, 2018, sent by Chris Abraham, Archivist in the Special Access and FOIA Branch of NARA, Mr. Abraham acknowledged receipt of the NARA request. Mr. Abraham stated that he was "unable to locate" the boxes marked "Selma" and stated that NARA "must close [the] case due to the fact that we do not have responsive records."  Attached as Exhibit E is a copy of this correspondence.

18. On April 4, 2019, NPR was informed by Ms. Cynthia Deitle, a retired Supervisory Special Agent in the Civil Rights Unit of the FBI, that the FBI believes it has located the "Selma" boxes.

19. As of the filing of this Complaint, nearly a year and a half has elapsed since the FBI and DOJ acknowledged receipt of Plaintiffs' Request.  Because the FBI failed to further respond, Plaintiffs are deemed to have exhausted their administrative remedies with respect to the Request under 5 U.S.C. § 552(a)(6)(C)(i).

**FIRST CAUSE OF ACTION**

**(Violation of FOIA)**

20. The FBI has a legal duty under FOIA to determine whether to comply with a request within 20 days after receiving the request, and also has a legal duty to immediately notify the requester of the agency's determination and the reasons therefore.  Plaintiffs have a legal right under FOIA to obtain the agency records they requested in their Request, and there exists no legal basis for the FBI's failure to respond to Plaintiffs' request and to make these records available to

DAVIS WRIGHT TREMAINE LLP

NPR.

21. The FBI's failure to make promptly available the records sought by Plaintiffs' Request violates FOIA, 5 U.S.C. § 552(a)(3)(A) and (a)(6)(A)(ii), and applicable regulations promulgated thereunder.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request the Court award them the following relief:

A. Declare that the FBI violated FOIA in their response to NPR's FOIA Request;

B. Order the FBI to immediately disclose the requested records to Plaintiffs and enter an injunction prohibiting the FBI from continuing to withhold the requested records;

C. Order the NARA to immediately disclose any responsive records in its possession to Plaintiffs;

D. Award Plaintiffs their reasonable costs and attorney's fees;

E. Grant such further relief as the court may deem just and proper.

Dated: July 16, 2019

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: /s/ *Thomas R. Burke*
     THOMAS R. BURKE

Attorneys for Plaintiffs
NATIONAL PUBLIC RADIO, INC. and ERIC WESTERVELT

7

COMPLAINT FOR DECLARATORY RELIEF FOR VIOLATING FOIA
Case No. 3:19-cv-4126